## TAYLOR v. FRIED et al.

(Supreme Court, Appellate Term, First Department.   December 11, 1913.)

APPEAL AND ERROR (§ 934*)—REVIEW—JUDGMENT—EVIDENCE.

 In an action for goods sold, where it was sought to charge defendant as a partner, defendant's testimony must, after judgment in his favor, be accepted as true on appeal.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781, 3782;  Dec. Dig. § 934.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by James Taylor against Solomon Fried and another.  From a judgment for defendants, plaintiff appeals.  Reversed and remanded.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Douglass & Minton, of New York City, for appellant.
Archibald Palmer, of New York City, for respondents.

LEHMAN, J.  The plaintiff sued an alleged partnership for the value of certain goods claimed to have been sold and delivered to them.  It appears that the goods were sold to a concern calling itself the Raven Knitting Company, but the defendant Fried denies that he was a partner in that concern, or actively connected therewith, and claims that he was interested only to the extent that he had loaned money to his relative, Neugroschl, to start the business.

There was considerable correspondence between Neugroschl and the plaintiff in regard to the order, and a considerable part of this correspondence is on the letter head of the defendant Fried.  This correspondence, however, is insufficient to show that Fried either was a partner or had held himself out as a partner.  Two letters, however, are signed in the name of Sol. Fried.  The first letter, if actually signed by him, would in my opinion show conclusively that Fried held himself out as a partner; but Fried denies that he signed that letter, and on this appeal we must regard his denial as true.  Fried, however, admits that he signed the second letter, and that letter states:

" * * *  Will call to your attention that you charged for 1,000 needles and *we* received only 750.  Kindly send balance and oblige.

          "Sol Fried."

This letter is so inconsistent with Fried's testimony that he was not a partner, or connected with the Raven Knitting Company, that when read in connection with plaintiff's other testimony, and unexplained by Fried, it leads to the conviction that he was a partner of Neugroschl.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.  All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes